CHARLES T. HARVEY

*v.*

JOHN R. PARSONS.

CONTRACTS — *construction thereof — when a debt becomes due — and when a demand is necessary.* Parsons sold to Harvey a sawing machine for a given sum, to be paid as follows: " One hundred and fifty dollars in cash, and balance in Lake Superior pig iron, delivered in Chicago during the season, at. $26 per ton, or, if not paid in this season, at the option of seller, the purchase-money to be on interest from December 1st until the iron is delivered next spring." The contract was dated July 15, 1861, and Parsons brought suit to recover the price on the 3rd of January, 1862. *Held*, the iron was to be delivered in Chicago during the season, which means the season of navigation on the lakes, or, if not paid in the season, at the option of Parsons, the purchase-money was to be on interest from the 1st of December until the next spring, when the iron was to be delivered. Parsons, by not declaring his option in the fall, elected to have his pay in iron the next spring, with interest; and Harvey then having until the spring of 1862 within which to make payment, was not liable to an action so early as January, 1862. It was therefore prematurely brought. To have made it obligatory on Harvey to deliver the iron in the fall, Parsons should have made a demand for it.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit, brought in the court below by Charles T. Harvey, against John R. Parsons, to recover the

contract price of a Fairbanks & Wilmarth sawing machine, sold July 15th, 1861, for $975.

The contract upon which the action was brought was as follows:

"CHICAGO, July 15, 1861.

"CHARLES T. HARVEY,

"Bought of JOHN R. PARSONS,

"One (1) Fairbanks & Wilmarth's Sawing Machine, delivered on board at Chicago, for nine hundred and seventy-five dollars ($975), and guaranteed to be in all respects as good as a new machine, and in perfect order.    Terms of payment: one hundred and fifty dollars ($150) in cash, and balance in Lake Superior pig iron, delivered in Chicago during the season, at twenty-six (26) dollars per ton, or, if not paid in this season, at the option of seller, the purchase-money to be on interest from December first (1st) until the iron is delivered next spring.    The machine to be tried before the first of September, and can be returned at the seller's within that time by forfeiture of the cash payment, and no further claim will exist if machine proves unsatisfactory.         J. R. PARSONS."

Harvey, the purchaser, did not deliver the pig iron, nor does it appear that Parsons ever made a demand for it.    Parsons brought this action to recover the value of the iron, on the third of January, 1862.    A trial resulted in a finding and judgment for the plaintiff.    The defendant thereupon sued out this writ of error.    The only question of law presented upon the record is, as to the meaning of the contract with reference to the time of the commencement of this suit.

Mr. JAMES L. STARK, Jr., for the Plaintiff in Error.

Mr. E. S. SMITH, for the Defendant in Error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Parsons sold to Harvey a sawing machine for nine hundred and seventy-five dollars, guaranteed to be in all respects as good as a new machine, and in perfect order.    The terms of

payment were one hundred and fifty dollars in cash, and the balance in Lake Superior pig iron, delivered in Chicago during the season, at twenty-six dollars per ton, or, if not paid in this season, at the option of the seller, the purchase-money to be on interest from December first until the iron is delivered next spring. The contract bears date, Chicago, July 15, 1861.

The suit was brought January third, 1862, and a verdict and judgment for Parsons.

The only questions we have considered are, the meaning of this contract with reference to the time of the commencement of the suit, and in whom was the title to the machine at the time of the contract.

Upon the first question, the iron was to be delivered in Chicago during the season, which is understood to mean the season of navigation on the lakes, or, if not paid in the season, at the option of Parsons, the purchase-money was to be on interest from the first of December until the next spring, when the iron was to be delivered. Parsons, then, reserving the option of receiving the iron in the fall, was under the necessity of making a demand for the iron, which demand would have determined his option. By neglecting this, Harvey had until the spring of 1862 in which to deliver the iron, he paying interest on the deferred payment from the first of December, 1861. In other words, Parsons, by not declaring his option in the fall, elected to have his pay in iron the next spring, with interest from December first.

Harvey, then, having until the spring of 1862 within which to make payment, with interest from first of December, 1861, was not liable to an action so early as January, 1862. It was prematurely brought.

On the question of title to the machine, we think there can be no doubt it was in Parsons when he sold it. This is abundantly proved by the deposition of John A. McCulloch, of whom Parsons purchased.

The suit having been brought before a cause of action had arisen, the judgment must be reversed.

*Judgment reversed.*